IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOB G. TRIPP, JR., ) | |
| ) | |
| Petitioner, ) | Case No. CV 06-05-E-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Bob G. Tripp, Jr.'s Complaint to Review and to Set Aside Decision of Commissioner of Social Security (Docket No. 1) seeking review of the final decision of Respondent denying his claim for disability insurance benefits under Title II of the Social Security Act. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

Bob G. Tripp, Jr. ("Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act on January 14, 2003 alleging disability beginning September 30, 2001 as a result of back and leg pain from a herniated disc and possible tumor, extreme allergies resulting in sinus problems, and residual pain from hernia and testicle removal.

MEMORANDUM DECISION AND ORDER - 1

(AR 19, 20). Petitioner's application was denied initially and again after reconsideration. Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ").

ALJ G. Alejandro Martinez held a hearing on May 17, 2004 at which time Petitioner, represented by counsel, appeared and testified. Michael Enright, PhD, testified as a medical expert, and Kenneth Lister, M.Ed, testified as a vocational expert. On September 16, 2004, the ALJ issued a decision denying Petitioner's claim, finding that Petitioner is unable to perform work he has performed in the past, but he is able to perform other work existing in significant numbers in the national economy. (AR 20).

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on November 18, 2005 making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner argues that the ALJ failed to provide specific, legitimate reasons supported by substantial evidence in the record for rejecting the opinion of the treating physicians, and failed to provide specific, clear and convincing evidence for rejecting Petitioner's testimony.

Petitioner requests the Court reverse the ALJ's decision with an immediate award of benefits. *Petitioner's Brief in Support of Petition for Review* (Docket No. 15).

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was forty-five years of age with a high school education. Petitioner has past work experience as a janitor, retail sales representative, delivery driver, and sanitation worker. (AR 20).

MEMORANDUM DECISION AND ORDER - 2

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## IV.

## DISCUSSION

### A.  Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ found that Petitioner has not engaged in substantial gainful activity since the alleged onset of disability. (AR 21).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner has the following medically determinable "severe" impairments: residuals of lumbar spine surgery, substance addictions, and depression. (AR 27).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is

MEMORANDUM DECISION AND ORDER - 5

disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). In this respect, the ALJ concluded that Petitioner's impairments do not meet or equal any of the criteria set forth in Sections 1.00 and 12.00 of the Listing of Impairments (20 C.F.R. 404, Subpart P, Appendix 1). The ALJ stated that Petitioner has not presented the specific clinical and laboratory findings required by these sections or any other sections. (AR 27).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In this respect, the ALJ concluded that Petitioner retains the residual functional capacity to perform light work activity with some limitations. Petitioner is able occasionally, or up to 33% of the time, to climb stairs, squat, use foot controls, and drive. He has moderate limitations in his ability to deal with stress. The ALJ found that Petitioner's past light to medium work exceeds his current residual functional capacity for light work activity with limitations. Therefore, the ALJ found that Petitioner cannot perform his past relevant work. (AR 31, 32).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). In this respect, the ALJ found that Petitioner is capable of performing a significant range of light work as defined in 20 C.F.R. § 404.1567.

Vocational expert Kenneth Lister testified at the hearing before the ALJ that, assuming the hypothetical individual's specific work restrictions, he is capable of making a vocational adjustment to other work. Mr. Lister also testified that, given all of these factors, Petitioner could work as an information clerk, with 180,000 jobs in the nation, and as a parking lot attendant, with 180,000 jobs in the nation. (AR 33).

Based on the testimony of the vocational expert, and considering Petitioner's age, educational background, work experience, and residual functional capacity, the ALJ concluded that Petitioner is capable of making a successful adjustment to work that exists in significant numbers in the national economy. Therefore, the ALJ found Petitioner is not disabled. (AR 33).

### B. Date Last Insured

In order to be eligible for disability insurance benefits, Petitioner must demonstrate that he was under a disability on or before December 31, 2001, his date last insured. (AR 19-20). The ALJ made a finding that Petitioner was not disabled at any time from the alleged onset date of September 30, 2001, through the date of the ALJ's decision, September 16, 2004. (AR 34).

Some of Petitioner's treating physicians provided medical care and/or their opinions after Petitioner's date last insured. This treatment and their opinions are still relevant, however, to evaluate Petitioner's "preexpiration condition." *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir. 1995); *see also Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1461 & n. 5 (9th Cir. 1995) ("Retrospective diagnoses by treating physicians and medical experts . . . are . . . relevant to the determination of a continuously existing disability with onset prior to expiration of insured status.").

### C. Testimony of Petitioner's Treating Physician

The ALJ found that Petitioner was not under a "disability" as defined in the Social Security Act at any time from the alleged onset date of September 30, 2001, through September 16, 2004, the date of the ALJ's decision. (AR 34). Petitioner argues that, in making this determination, the ALJ failed to provide specific, legitimate reasons supported by substantial evidence in the record for rejecting the opinions of his treating physicians. Specifically, Petitioner objects to the ALJ's treatment of opinions by Dr. Theresa Ross, Petitioner's treating psychologist, Dr. Roberts, Petitioner's treating physiatric, and Dr. Hill, Petitioner's treating physician. Petitioner also argues the records of these doctors and those of neurosurgeon Scott Honeycutt establish his disability.

The Ninth Circuit has held that a treating doctor's opinion is entitled to special consideration and weight:

> The medical opinion of a claimant's treating physician is entitled to "special weight." The treating physician's opinion is given that deference because "he is employed to cure and has a greater opportunity to know and observe the individual."

*Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989). However, a "treating physician's opinion on the ultimate issue of disability is not necessarily conclusive." *Id.* at 762 (citations omitted). If the treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id*. "Substantial evidence means more than a scintilla, but less than a preponderance." *Frost v. Barnhart*, 314 F.3d 359, 366 (9th Cir. 2002). "To find substantial evidence, [t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion;

MEMORANDUM DECISION AND ORDER - 8

it may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* at 367 (quoting *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (internal quotation marks omitted)). "While inferences from the record can constitute substantial evidence, only those reasonably drawn from the record will suffice." *Widmark*, 454 F.3d at 1066 (citation and internal quotation marks omitted).

### 1.     Petitioner's Back Problems

Petitioner was treated for his back problems by Dr. Kevin Hill from 1996 through December of 2001 and by Dr. Eric Roberts from January 9, 2003 through April 9, 2004. Petitioner also saw Dr. Scott Honeycutt for his back problems from September 26, 2001 through January 28, 2003. Petitioner argues that the ALJ improperly rejected the opinions of Drs. Hill and Roberts and that a careful reading of the medical records of Drs. Hill, Honeycutt, and Roberts make clear that Petitioner's condition meets or equals a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  *Petitioner's Brief*, pp. 8-13 (Docket No. 15); *Petitioner's Reply Brief*, pp. 3-5 (Docket No. 17).

The opinions of Drs. Hill and Roberts are contradicted by the opinions of the state reviewing physicians (*see* AR 384-401) who determined that Petitioner could perform a significant range of light work, and therefore their opinions may be rejected for specific and legitimate reasons that are supported by substantial evidence.

#### (a)     Dr. Hill's Opinion

Dr. Hill treated Petitioner for his back pain and other problems for several years before Petitioner's date last insured. Dr. Hill opined that Petitioner could sit, stand, and walk for only two hours each in an eight hour work day and that he would need to lie down during the work

MEMORANDUM DECISION AND ORDER - 9

day. (AR 561-62). Dr. Hill also estimated that Petitioner's impairments would cause him to be absent from work more than three times per month. (AR 564). The ALJ gave "little weight" to Dr. Hill's opinion, determining that (1) the opinion is not supported by detailed treatment notes, and (2) Petitioner last saw Dr. Hill in December of 2001 with complaints of left testicular pain which was resolved by an oriectomy on December 26, 2001. (AR 31).

Respondent argues that it was appropriate for the ALJ to reject Dr. Hill's opinion as not supported by detailed treatment notes because "there is no discussion in any of these notes indicating that Petitioner could only work part-time or that he needed to lie down for two hours during the normal work day, every work day." *Respondent's Brief*, p. 11 (Docket No. 16). As noted by Respondent, the Ninth Circuit Court of Appeals has upheld an ALJ's rejection of a treating physician's opinion based on a finding that the physician's opinion was not supported by his treatment notes, but in the case relied on by Respondent, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), the treatment notes contradicted the treating physician's assessment. *See also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (finding substantial evidence to support the ALJ"s rejection of a physician's opinion where it was "clearly inconsistent with the medical notes he had made during examinations" of the claimant). Nothing in Dr. Hill's notes contradict or are inconsistent with his assessment, and Dr. Hill had eight years of experience with treating Petitioner's back problems before making the assessment.

Additionally, although it appears from the records of Dr. Hill[1] that Dr. Hill last treated Petitioner for his complaints of left testicular pain in December of 2001, the majority of his treatment notes from June of 1996 through October of 2001 refer to Petitioner's chronic back pain. (AR 197-236, 254-85, 336-45). From July of 2001 to October of 2001, Dr. Hill treated Petitioner for "chronic mechanical low back pain." (AR 340, 345). Indeed, Petitioner's chief complaint in his visits to Dr. Hill during the year 2000 is "back pain," and Dr. Hill consistently lists his "impression" of "chronic mechanical low back pain status post lumbar surgery." (AR 254-65). From July through October of 2001, Dr. Hill's treatment plan included "membrane" on the back (AR 340) and during this time Dr. Hill stated that it was worth a try for Petitioner to get on disability. (AR 345).

Considering Dr. Hill's extensive records, and that Dr. Hill's opinions are consistent with those of another treating physician, Dr. Roberts, the ALJ's rejection of Dr. Hill's opinion is not supported by substantial evidence.

### (b)    Dr. Roberts' Opinion

Dr. Roberts treated Petitioner for his back problems after Petitioner's date last insured, from January 9, 2003 through April 9, 2004. Although the ALJ noted Dr. Roberts' treatment and diagnoses of Petitioner and Dr. Roberts' conclusion that Petitioner "did not meet the sedentary criteria for work," "was unsafe for ambulation," and "would have to rest at least two hours, probably reclining, during any eight-hour workday," (AR 24), the ALJ never discounted or

---

[1] The records provided by Dr. Hill detail visits up to only December of 2001; however, Dr. Roberts' notes indicate that Dr. Hill was prescribing medication for Petitioner in 2003 (*see, e.g.*, AR 528) and that in 2003 Petitioner was doing some exercises that Dr. Hill instructed (AR 535).

MEMORANDUM DECISION AND ORDER - 11

assigned diminished weight to Dr. Roberts' opinions. (*See also* AR 551-52, 382-83). At essence, the ALJ did not provide any reason for rejecting Dr. Roberts' opinions and relying instead on those of the state reviewing physicians, let alone provide any reasons supported by substantial evidence. Thus, the ALJ implicitly rejected Dr. Roberts' opinion by concluding that Petitioner is able to perform light work with certain restrictions, (AR 31-32), without evaluating Dr. Roberts' findings or conclusions. The ALJ simply summarized Dr. Roberts' opinion generally "without any specific reference as to why he disregarded it." *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990). This does not constitute a sufficient statement of reasons for rejecting a treating physician's opinion. *Id.*

Because the ALJ implicitly rejected Dr. Roberts' opinion without providing any explanation for the rejection, the ALJ's rejection of Dr. Roberts' opinions is not supported by substantial evidence.

In conclusion, the opinions of a treating physician may be rejected only when the specific reasons for doing so are set forth and supported by substantial evidence. It is for these reasons that it is necessary to remand this action for further consideration by the ALJ with respect to the opinions of Drs. Hill and Roberts.

### (c) Meeting a Listed Impairment

Petitioner also argues that "a careful reading of the medical records of Dr. Hill, Dr. Honeycutt and Dr. Roberts" reveals that Petitioner's "condition meets or equals Listing 1.04(A) Disorder of the Spine." *Petitioner's Brief*, p. 13 (Docket No. 15). Petitioner provided very little explanation for this argument and, in any event, the ALJ provided detailed summaries of all the physicians' reports sufficient to uphold his determination at step three that Petitioner's

MEMORANDUM DECISION AND ORDER - 12

impairments did not meet or equal a listing. *See Lomabardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984).

### 2. Petitioner's Mental Condition

Dr. Ross treated Petitioner in eight therapy sessions from July 3, 2003 to October 30, 2003 and diagnosed Petitioner with major depressive episode, recurrent, moderate, and generalized anxiety (AR 582), finding that Petitioner has marked limitations in several of his abilities (AR 553-555). Petitioner had been treated by a different doctor in Dr. Ross's office in 1990 and again in 1995. (AR 556-78). Dr. Ross opined that Petitioner's functional limitations had remained at the same level from 1990 through 2004. (AR 553-60).

Instead of relying on Dr. Ross's assessment, the ALJ considered the testimony of the medical expert, Dr. Michael Enright, that "there was no record of the claimant's difficulty with concentration, nothing to indicate the claimant had difficulty with punctuality, and his attendance at AA and NA meetings indicated an ability to function socially." (AR 27; *see also* AR 665-69). Although Dr. Enright initially testified that he had difficulty deciphering Dr. Ross's treatment notes, (AR 634), after a break in his testimony to allow him more time to review the notes, Dr. Enright testified that he was able to decode most of [the] record, so [he had] some sense of what the claimant was working on with his psychologist." (AR 666).

Dr. Enright's testimony provides substantial evidence to support the ALJ's decision to assign Dr. Ross's opinion "little weight" because "it is not supported by her treatment notes." (AR 31). Additionally, the ALJ's evaluation of the treatment notes is apt as it relates to Dr. Ross's opinion that Petitioner's functional limitations had remained at the same level from 1990 through 2004 where the only support for this statement are brief notes of Petitioner's therapy

sessions in 1995 (AR 570-74), a report from 1990 that does not assess any functional limitations (AR 575-78), and notes from Dr. Ross's eight treatment sessions in 2003.  Although "[m]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition," *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir.1995), Dr. Ross only saw Petitioner eight times, and it was after his date last insured and several years after Petitioner's last psychological therapy.  While the record indicates that Petitioner received counseling and/or other treatment at Idaho State University, there are no treatment records from this institution and no statements of the treating source about Petitioner's condition or treatment.  For all these reasons, the ALJ's treatment of Dr. Ross's opinions will not be overturned.

### D.  Petitioner's Credibility

Petitioner argues that the ALJ failed to provide specific, clear and convincing evidence for rejecting his testimony.  Resolution of conflicts and credibility questions are a function solely of the ALJ.  *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).  The ALJ is in the best position to make such credibility determinations, and, for this reason, the ALJ's credibility determinations are entitled to great weight.  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).  However, for an ALJ to reject a claimant's subjective complaints and find a claimant's testimony not credible, he must provide "specific, cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).

The ALJ found the Petitioner's testimony concerning the severity of his symptoms and the extent of his limitations to be not fully credible, noting that Petitioner's "work activity and daily activity is greater than his alleged limitations, there are no significant side effects from his medications, he has been treated with conservative measures and his pain can be controlled with

MEMORANDUM DECISION AND ORDER - 14

treatment," and he is not always compliant with his treatment. (AR 30). The ALJ also determined that Petitioner's "allegations are inconsistent and exaggerated," explaining:

> The claimant testified that he is unable to work because of pain. On October 30, 2003, the claimant reported to Dr. Roberts that he wanted to take less OxyContin, but felt the need to take more . . . . However, on November 18, 2003, the claimant reported to Dr. Roberts that he had weaned himself off OxyContin . . . [and] Dr. Roberts did not prescribe alternative pain medications.

(AR 29) (internal citations omitted).

Generally, in determining whether the claimant's subjective testimony regarding the severity of his symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his/her] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Security Admin.*, 119 F.3d 789, 791 (9th Cir. 1997). Thus, the ALJ here appropriately relied on the inconsistencies in Petitioner's pain testimony and use of pain medication or lack thereof.

Additionally, "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also* 20 C.F.R. § 404.1530 (explaining the need to follow prescribed treatment). The ALJ discussed the statements by the medical expert, Dr. Enright, based on Dr. Enright's review of Petitioner's records, that there was evidence Petitioner did not use his prescriptions as prescribed and there was a pattern of failure to follow through with medical appointments and referrals and noncompliance with prescribed

MEMORANDUM DECISION AND ORDER - 15

medications. (AR 27). Thus, Dr. Enright's observations provide support for the ALJ's credibility determination.

Finally, although the ALJ did not set out which of Petitioner's activities demonstrated a greater capacity, he provided a detailed description of Petitioner's testimony and at one point noted that Petitioner "stated he [cannot] work because of his back and depressions," and later described Petitioner's attempts to work a janitor job at a warehouse for two hours per week and, on another occasion, a sales job for 8 to 10 hours per week. (AR 29-30; *see also* AR 159 (listing Petitioner's employment as a sales person at a health food store form October, 2000 through September 2001 and his work as a janitor starting in June of 2001)). Even though occasional symptom-free periods-and even the sporadic ability to work-are not necessarily inconsistent with disability, the ALJ here provided other reasons for rejecting Petitioner's testimony. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

"An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking." *Fair*, 885 F.2d at 603. Here, the ALJ provided several reasons for rejecting Petitioner's testimony and noted the objective medical evidence including early MRIs of Petitioner's back. (AR 30). When all of the ALJ's reasons are considered together, they provide clear and convincing support for the ALJ's adverse credibility determination. Resolution of conflicts in the testimony and of credibility questions is a function solely of the ALJ and the ALJ's determination here will not be disturbed. *Russell v. Bowen*,

In summary, after carefully reviewing the record, the Court concludes that the ALJ properly rejected Petitioner's credibility regarding the severity of his pain. The Ninth Circuit has recognized that "[c]redibility determinations are the province of the ALJ," *Fair*, 885 F.2d at 604,

MEMORANDUM DECISION AND ORDER - 16

and if the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ, *Key*, 754 F.2d at 1549.

  E.  <u>**Petitioner's Request for a Remand for Benefits**</u>

Petitioner has requested a remand with direction to award benefits. Improperly rejected evidence should be credited and a case remanded for an award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).

In the present action, however, there are issues remaining to be resolved, such as whether Petitioner's disability was in effect before his date last insured, December 31, 2001. The ALJ concluded that Petitioner was not disabled at any time from September 30, 2001 through September 16, 2004. Thus, the ALJ did not consider whether Petitioner, even if disabled at some time during this period was under a disability on the date last insured, which is required for Petitioner to obtain benefits. It is not clear from the record that the ALJ would be required to find Petitioner disabled and award disability benefits even if the opinions of Drs. Roberts and Hill are credited. *See, e.g.*, *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (remanding for the ALJ to repeat the step four analysis and articulate specific findings for rejecting the petitioner's pain testimony and the testimony of the lay witnesses); *Bunnell*, 336 F.3d at 1116 (determining that it was not clear from the record that an administrative law judge would be required to find the claimant disabled and award disability benefits). The state reviewing physicians opined that Petitioner is not disabled (AR 401), and noted that, on the date last

MEMORANDUM DECISION AND ORDER - 17

insured, Petitioner's records show that he had good motor strength, no reflex deficits, and excellent ROM of his lumbar spine (AR 389). Accordingly, this case will be remanded for the ALJ to consider whether Petitioner became disabled, as defined in the regulations, on or before his date last insured.

Petitioner also requests that the case be remanded to a different ALJ, but provides no rationale for doing so. *Petitioner's Brief*, p. 15 (Docket No. 15). In the circumstances present here, where some of the ALJ's findings have been upheld, it is appropriate to remand to the same ALJ.

## V.

## ORDER

For the reasons set forth above, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).



DATED: **March 19, 2007**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 18