IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOB G. TRIPP, JR., ) | |
| ) | |
| Petitioner, ) | Case No. CV 06-05-E-LMB |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE[1], ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Petitioner's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *Motion for Award of Attorney Fees* (Docket No. 21). Because the Court conclusively finds that the decisional process on the pending matter would not be significantly aided by oral argument, the Court will address and resolve the matter without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**

On January 9, 2006, Petitioner filed this action seeking review of a decision by Respondent denying Petitioner's claim for disability benefits. *Petition for Review* (Docket No.

---

[1] Because Michael J. Astrue replaced Joanne B. Barnhart as Commissioner of Social Security on February 12, 2007, he is substituted as the Respondent in this action. *See* 42 U.S.C. § 405(g).

ORDER - 1

1).  On March 19, 2007, the Court granted Plaintiff's Petition, reversing Respondent's decision and remanding the case for further proceedings.  *Memorandum Decision & Order* (Docket No. 18).

On April 16, 2007, Petitioner requested an award of attorney's fees.  *Motion for Award of Attorney Fees* (Docket No. 21).  Respondent does not object to the Court awarding fees in the full amount requested by Petitioner.  *Response*, p. 2 (Docket No. 25).

## II.

## REQUEST FOR ATTORNEY'S FEES & COSTS

**A.     Standards of Law**

The EAJA provides that the Court "shall award . . . fees and other expenses" to prevailing plaintiffs in non-tort civil actions against the United States.  28 U.S.C. § 2412(d)(1)(A).  The phrase "fees and other expenses" is defined to include "reasonable attorney fees."  *Id.* § 2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[2]

This initial fee calculation should exclude "hours that were not 'reasonably expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citing *Hensley,* 461 U.S. at 433-34). The Court "has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful

---

[2]  Although *Hensley* was an attorney-fee proceeding under 42 U.S.C. § 1988, its standards are applicable to EAJA fee awards.  *See INS v. Jean,* 496 U.S. 154, 161 (1990) (stating that, when a petitioner has demonstrated eligibility for attorney fees under the EAJA, the "court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

ORDER - 2

review of the fee award." *Sorenson*, 239 F.3d at 1146.

**B.      Attorney's Fees**

There is no dispute that Petitioner's counsel is entitled to an award of a reasonable attorney's fee for his work in this case, nor does Respondent challenge the reasonableness of the total amount of fees requested. *Response*, p. 2 (Docket No. 25). However, the Court "has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers," and the fee calculation should exclude "hours that were not 'reasonably expended.'" *Sorenson*, 239 F.3d at 1145.

With these principles in mind, the Court has reviewed the affidavits and other materials submitted by Petitioner's counsel in support of the request for fees (*see* Docket Nos. 22-24), and determines that all but $162.01 of the requested fee reflects time reasonably expended. This amount will be subtracted from the fee award for the time spent drafting a motion and affidavit seeking to extend the time for Petitioner's counsel to file Petitioner's Brief in Support of his Petition for Review. (*See* Docket No. 12). In the Court's view, a total of two hours is an unreasonable amount of time to have spent drafting the half a page of text in the Motion for Extension of Time (Docket No. 12-1) and the two-page Affidavit in Support (Docket No. 12-2). Accordingly, the fee for this task has been reduced by $162.01, which represents one hour of time reasonably spent. Subtracting $162.01 from the requested amount of $6,449.88, results in an award of $6,287.87.

ORDER - 3

**C.**     **Costs**

Petitioner also has requested $250.00 for the cost of filing this action.  *Petitioner's Attorney's Affidavit*, Exhibit E (Docket No. 22-6).  Because the cost of filing fees are compensable under 28 U.S.C. § 1920, Petitioner's request is granted.

### III.

### ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket No. 21) is GRANTED.  Petitioner is awarded attorney's fees in the amount of $6,287.87.

2. Petitioner is also awarded costs in the amount of $250.00.



DATED: **May 8, 2007**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge